# EXHIBIT A

Underwritten by: Scottsdale Indemnity Company
Home Office: One Nationwide Plaza • Columbus, Ohio 43215
Administrative Office: 8877 North Gainey Center Drive • Scottsdale, Arizona 85258
1-800-423-7675 • A Stock Company

# BUSINESS AND MANAGEMENT INDEMNITY POLICY DECLARATIONS

**THE EMPLOYMENT PRACTICES, DIRECTORS AND OFFICERS AND COMPANY, AND FIDUCIARY COVERAGE SECTIONS OF THIS POLICY, WHICHEVER ARE APPLICABLE, COVER ONLY CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR, IF ELECTED, THE EXTENDED PERIOD AND REPORTED TO THE INSURER PURSUANT TO THE TERMS OF THE RELEVANT COVERAGE SECTION. THE CRIME COVERAGE SECTION, IF APPLICABLE, APPLIES ONLY TO LOSS DISCOVERED DURING THE POLICY PERIOD. PLEASE READ THIS POLICY CAREFULLY.**

**THE LIMITS OF LIABILITY AVAILABLE TO PAY INSURED LOSS SHALL BE REDUCED BY AMOUNTS INCURRED FOR COSTS, CHARGES AND EXPENSES, UNLESS OTHERWISE PROVIDED HEREIN. AMOUNTS INCURRED FOR COSTS, CHARGES AND EXPENSES AND LOSS SHALL ALSO BE APPLIED AGAINST THE RETENTION AND DEDUCTIBLE AMOUNTS.**

**TERMS THAT APPEAR IN BOLDFACE TYPE HAVE SPECIAL MEANING. PLEASE REFER TO THE APPROPRIATE DEFINITIONS SECTIONS OF THIS POLICY.**

| Item 1. | **Parent Company** & Mailing Address: | North Florida Obstetrical & Gynecological Associates P.A. <br><br> 11437 Central Parkway, Suite 105 <br> Jacksonville, FL 32224 | **Policy** No: <br> Agent No: <br> Renewal No: <br> Agent Name & Mailing Address: | EKI3295685 <br> 29406 <br><br> E-Risk Services, LLC <br> Northwest Professional Center <br> 227 US Hwy 206 <br> Suite 302 <br> Flanders, NJ 07836-9174 |
|---|---|---|---|---|

Principal Address, if different from mailing address:

| Item 2. | **Policy Period**: From 5/6/2019 to 5/6/2024 <br> 12:01 A.M. local time at Principal Address shown above. |
|---|---|

**Item 3.** Coverage Section and Limit of Liability

Directors and Officers and Company Coverage Section

1. Limit of Liability
   a. $5,000,000 aggregate for all **Loss**, subject to 1.b. and 1.c. immediately below.
   b. _____ additional aggregate for all **Loss** under Insuring Clause A.1., subject to 1.c, immediately below.
   c. $5,000,000 maximum aggregate for this Coverage Section
2. Retention:
   a. $0 each **Claim** under Insuring Clause 1.
   b. $25,000 each **Claim** under Insuring Clause 2.
   c. $25,000 each **Claim** under Insuring Clause 3.
3. **Continuity Date:** 6/1/1998

| Item 4. | Premium: | $21,918 |
|---|---|---|

**Item 5.** **Discovery Period** options:
1. One (1) year = 100% of the premium
2. Two (2) years = 150% of the premium

3. Three (3) years = <u>200%</u> of the premium

As provided in Section H. of the General Terms and Conditions, only one of the above **Discovery Period** options may be elected and purchased.

| Item 6. | **Run-Off Period**: | | |
|---|---|---|---|
| | 1. | One (1) year = | <u>125%</u> of the premium |
| | 2. | Two (2) years = | <u>145%</u> of the premium |
| | 3. | Three (3) years = | <u>165%</u> of the premium |
| | 4. | Four (4) years = | <u>185%</u> of the premium |
| | 5. | Five (5) years = | <u>205%</u> of the premium |
| | 6. | Six (6) years = | <u>225%</u> of the premium |

As provided in Section I. of the General Terms and Conditions, only one of the above **Run-Off Period** options may be elected and purchased.

| Item 7. | Forms and Endorsements Effective at Inception of **Policy**: |
|---|---|
| | EKI-D-1 (11/16), HLPDO (1-18), EKI-1 (04/08), EKI-P-1 (04/08), EKI-75 (04/08), EKI-75 (4-08), EKI-782 (01/09), EKI-1133 (10/12), EKI-787 (01/09), EKI-1606 (4-15), EKI-6 (04/08), EKI-8 (04/08), EKI-199 (04/08), EKI-14 (01/09), EKI-846-FL (11/09), EKI-16-FL (02/09), EKI-1073 (01/12), EKI-784 (01/09), EKI-202 (04/08), EKI-17 (03/10), EKI-845 (05/09), EKI-783 (01/09), EKI-351 (1-15), EKI-781 (01/09), EKI-775 (01/09), EKI-21 (04/08), EKI-899 (12/09), EKI-788 (01/09), EKI-990 (09/11), EKI-1511 (08/13), EKI-905 (03/10), EKI-1559 (4-15), EKI-37 (04/08), EKI-38 (04/08), EKI-19 (04/08), EKI-786 (01/09), EKI-276 -FL(11/10), UTI-278g (09/06), NOTI0164FL (05/15) |

| Item 8. | Notices to **Insurer**: | |
|---|---|---|
| | Notice of Claims to: | Other Notices to: |
| | Nationwide Management Liability & Specialty | Nationwide Management Liability & Specialty |
| | Attention: Claims Manager | Attention: Claims Manager |
| | 7 World Trade Center, 37th Floor | 7 World Trade Center, 37th Floor |
| | 250 Greenwich Street | 250 Greenwich Street |
| | New York, NY 10007 | New York, NY 10007 |
| | MLSReportALoss@nationwide.com | MLSReportALoss@nationwide.com |

These Declarations, together with the **Application**, Coverage Sections, General Terms and Conditions, and any written endorsement(s) attached thereto, shall constitute the contract between the **Insured** and the **Insurer**.



Underwritten by: Scottsdale Indemnity Company
Home Office: One Nationwide Plaza • Columbus, Ohio 43215
Administrative Office: 8877 North Gainey Center Drive • Scottsdale, Arizona 85258
1-800-423-7675 • A Stock Company

In Witness Whereof, the Company has caused this policy to be executed and attested.

Secretary                                                  President

The information contained herein replaces any similar information contained elsewhere in the policy.

**E-RISK MANAGEMENT TOOLS CENTER**





## E-RISK MANAGEMENT TOOLS CENTER

Congratulations! Your Policy includes an exclusive D&O Risk Management Service that offers you the ability to ask your specific D&O related or Organization's questions directly to attorneys practicing in this field of law. You have unlimited, direct access to these practicing attorneys. An Online Resource Center is also available. To learn more about the D&O Risk Management Service, please visit: www.eriskdosolutions.com or contact an E-Risk D&O Risk Solutions representative at 877-568-6655.

Unlimited, specific, documented, and confidential advice from experienced D&O attorneys



Online training courses focused on information directors and officers need to know



Online tools include best practice guidelines, checklists, news and more

 **THOUSANDS OF DOLLARS**

**IN ANNUAL EMPLOYER VALUE**

## HOW DOES THE E-RISK MANAGEMENT TOOLS CENTER WORK?

*Employers are provided valuable services and will be personally introduced to the following:*

Direct access to D&O attorneys to receive confidential, document responses to specific questions

Resources that address over 20 different D&O related issues

Online risk management tools including D&O-focused online training modules

Customizable D&O risk management resources and proactive D&O email updates to your inbox

Dedicated relationship managers that can help you take full advantage of these benefits

eriskdosolutions.com | 877.568.6655     © Copyright 2017 Enquiron

NFOBGYN0005

## Underwritten by Scottsdale Indemnity Company

A Stock Insurance Company, herein called the **Insurer**

### BUSINESS AND MANAGEMENT INDEMNITY POLICY

### GENERAL TERMS AND CONDITIONS

In consideration of the payment of premium, in reliance on the **Application** and subject to the Declarations, and terms and conditions of this **Policy**, the **Insurer** and the **Insureds** agree as follows

A. **SEVERABILITY OF GENERAL TERMS AND CONDITIONS**

These General Terms and Conditions apply to each and every Coverage Section of this **Policy**. The terms and conditions of each Coverage Section apply only to that Coverage Section and shall not be construed to apply to any other Coverage Section.

B. **DEFINITIONS**

Whenever used in this **Policy**, the terms that appear below in **boldface** type shall have the meanings set forth in this Definitions subsection of the General Terms and Conditions. However, if a term also appears in **boldface** type in a particular Coverage Section and is defined in that Coverage Section, that definition shall apply for purposes of that particular Coverage Section. Terms that appear in **boldface** in the General Terms and Conditions but are not defined in this Definitions subsection and are defined in other Coverage Sections of the **Policy** shall have the meanings ascribed to them in those Coverage Sections.

1. **Application** means all applications, including any attachments thereto, and all other information and materials submitted by or on behalf of the **Insureds** to the **Insurer** in connection with the **Insurer** underwriting this **Policy** or any policy of which this **Policy** is a renewal or replacement. All such applications, attachments, information, materials and documents are deemed attached to and incorporated into this **Policy**.

2. **Company** means:

   a. the **Parent Company**; and

   b. any **Subsidiary**,

   and includes any such organization as a debtor-in-possession or the bankruptcy estate of such entity under United States bankruptcy law or an equivalent status under the law of any other jurisdiction.

3. **Discovery Period** means one of the periods described in Item 5. of the Declarations which is elected and purchased pursuant to Section H. below.

4. **Domestic Partner** means any natural person qualifying as a domestic partner under the provision of any applicable federal, state or local law or under the provisions of any formal program established by the **Company**.

5. **Extended Period** means the **Discovery Period** or the **Run-Off Period,** if such provision is elected and purchased pursuant to Sections H. or I. respectively, below.

6. **Insurer** means the insurance company providing this insurance.

7. **Parent Company** means the entity first named in Item 1. of the Declarations.

8. **Policy** means, collectively, the Declarations, the **Application**, this policy form and any endorsements.

9. **Policy Period** means the period from the effective date and hour of the inception of this **Policy** to the **Policy** expiration date and hour as set forth in Item 2. of the Declarations, or its earlier cancellation date and hour, if any.

10. **Run-Off Period** means one of the periods described in Item 6. of the Declarations, which is elected and purchased pursuant to Section I. below.

11. **Subsidiary** means:

    a. any entity of which more than fifty percent (50%) of the outstanding securities representing the present right to vote for the election of such entity's directors or managers are owned by the **Parent Company**, directly or indirectly, if such entity:

       i. was so owned on or prior to the inception date of this **Policy**; or

       ii. becomes so owned after the inception date of this **Policy**; and

    b. any joint venture entity in which the **Parent Company**, or an entity described in a. above, has an exact fifty percent (50%) ownership of the interests of such joint venture entity and where, pursuant to a written joint venture agreement, the **Parent Company** or entity described in a. above solely controls the management and operations of such joint venture entity.

12. **Takeover** means:

    a. the acquisition by any person or entity of more than fifty percent (50%) of the outstanding securities of the **Parent Company** representing the present right to vote for the election of directors; or

    b. the merger or consolidation of the **Parent Company** into another entity such that the **Parent Company** is not the surviving entity.

All definitions shall apply equally to the singular and plural forms of the respective words.

C. **LIMITS OF LIABILITY, RETENTIONS AND DEDUCTIBLES**

1. The Limits of Liability, Retentions and Deductibles for each Coverage Section are separate Limits of Liability, Retentions and Deductibles pertaining only to the Coverage Section for which they are shown. The application of a Retention or Deductible to **Loss** under one Coverage Section shall not reduce the Retention or Deductible under any other Coverage Section, and no reduction in the Limit of Liability applicable to one Coverage Section shall reduce the Limit of Liability under any other Coverage Section.

2. In the event that any **Claim** is covered, in whole or in part, under two or more Insuring Clauses or more than one Coverage Section, the total applicable Retention or Deductible shall not exceed the single largest applicable Retention or Deductible. The largest applicable Retention or Deductible shall apply only once to such **Claim**.

D. **WARRANTY**

It is warranted that the particulars and statements contained in the **Application** are the basis of this **Policy** and are to be considered as incorporated into and constituting a part of this **Policy** and each Coverage Section.

By acceptance of this **Policy**, the **Insureds** agree that:

1. the statements in the **Application** are their representations, that such representations shall be deemed material to the acceptance of the risk or the hazard assumed by **Insurer** under this **Policy**, and that this **Policy** and each Coverage Section are issued in reliance upon the truth of such representations; and

2. in the event the **Application**, including materials submitted or required to be submitted therewith ,contains any misrepresentation or omission made with the intent to deceive, or contains any misrepresentation or omission which materially affects either the acceptance of the risk or the hazard assumed by **Insurer** under

this **Policy**, this **Policy**, including each and all Coverage Sections, shall be void ab initio with respect to any **Insureds** who had knowledge of such misrepresentation or omission.

E. **CANCELLATION**

1. By acceptance of this **Policy**, the **Insureds** hereby confer to the **Parent Company** the exclusive power and authority to cancel this **Policy** on their behalf. The **Parent Company** may cancel this **Policy** in its entirety or any of the applicable Coverage Sections individually by surrender thereof to the **Insurer**, or by mailing written notice to the **Insurer** stating when thereafter such cancellation shall be effective. The mailing of such notice shall be sufficient notice and the effective date of cancellation shall be the date the **Insurer** received such notice or any later date specified in the notice, and such effective date shall become the end of the **Policy** or applicable Coverage Section. Delivery of such written notice shall be equivalent to mailing.

2. This **Policy** may be cancelled by the **Insurer** only for nonpayment of premium, by mailing written notice to the **Parent Company** stating when such cancellation shall be effective, such date to be not less than ten (10) days from the date of the written notice. The mailing of such notice shall be sufficient notice and the effective date of cancellation stated in the notice shall become the end of the **Policy Period**. Delivery of such written notice by the **Insurer** shall be equivalent to mailing. If the foregoing notice period is in conflict with any governing law or regulation, then the notice period shall be deemed to be the minimum notice period permitted under the governing law or regulation.

3. If this **Policy** or any Coverage Section is cancelled, the **Insurer** shall retain the pro rata proportion of the premium therefore. Payment or tender of any unearned premium by **Insurer** shall not be a condition precedent to the effectiveness of cancellation.

F. **ESTATES, LEGAL REPRESENTATIVES, AND SPOUSES**

The estates, heirs, legal representatives, assigns, spouses and **Domestic Partners** of natural persons who are **Insureds** shall be considered **Insureds** under this **Policy**; provided, however, coverage is afforded to such estates, heirs, legal representatives, assigns, spouses and **Domestic Partners** only for a **Claim** arising solely out of their status as such and, in the case of a spouse or **Domestic Partner**, where the **Claim** seeks damages from marital community property, jointly held property or property transferred from the natural person who is an **Insured** to the spouse or **Domestic Partner**. No coverage is provided for any **Wrongful Act** of an estate, heir, legal representative, assign, spouse or **Domestic Partner**. All of the terms and conditions of this **Policy** including, without limitation, the Retentions and Deductibles applicable to **Loss** incurred by natural persons who are **Insureds** shall also apply to **Loss** incurred by such estates, heirs, legal representatives, assigns, spouses and **Domestic Partners**.

G. **AUTHORIZATION CLAUSE**

By acceptance of this **Policy**, the **Parent Company** agrees to act on behalf of all **Insureds**, and the **Insureds** agree that the **Parent Company** will act on their behalf, with respect to the giving of all notices to **Insurer**, the receiving of notices from **Insurer**, the agreement to and acceptance of endorsements, the payment of the premium and the receipt of any return premium.

H. **DISCOVERY PERIOD**

1. If this **Policy** or any Coverage Section is cancelled or is not renewed by the **Insurer**, for reasons other than non-payment of premium or if the **Parent Company** elects to cancel or not to renew this **Policy** or a Coverage Section, then the **Parent Company** shall have the right, upon payment of an additional premium calculated at that percentage shown in Item 5. of the Declarations of the total premium for this **Policy,** or the total premium for the cancelled or not renewed Coverage Section, whichever is applicable, to purchase an extension of the coverage granted by this **Policy** or the applicable cancelled or not renewed Coverage Section with respect to any **Claim** first made during the period of time set forth in Item 5. of the Declarations after the effective date of such cancellation or, in the event of a refusal to renew, after the **Policy** expiration date, but only with respect to any **Wrongful Act** committed before such date. The **Parent Company** shall have the right to elect only one of the **Discovery Periods** set forth in Item 5. of the Declarations.

2. As a condition precedent to the right to purchase the **Discovery Period** set forth in subsection H.1. above, the total premium for the **Policy** must have been paid. Such right to purchase the **Discovery Period** shall terminate unless written notice, together with full payment of the premium for the **Discovery Period**, is

received by **Insurer** within thirty (30) days after the effective date of cancellation, or, in the event of a refusal to renew, within thirty (30) days after the **Policy** expiration date. If such notice and premium payment is not so given to **Insurer**, there shall be no right to purchase the **Discovery Period**.

3. In the event of the purchase of the **Discovery Period**, the entire premium therefore shall be deemed earned at the commencement of the **Discovery Period**.

4. The exercise of the **Discovery Period** shall not in any way increase or reinstate the limit of **Insurer's** liability under any Coverage Section.

I. **RUN-OFF COVERAGE**

In the event of a **Takeover**:

1. The **Parent Company** shall have the right, upon payment of an additional premium calculated at the percentage of the total premium for this **Policy** set forth in Item 6. of the Declarations, to an extension of the coverage granted by this **Policy** with respect to any **Claim** first made during the **Run-Off Period**, as set forth in Item 6. of the Declarations, but only with respect to any **Wrongful Act** committed before the effective date of the **Takeover** (herein defined as "Run-Off Coverage"); provided, however, such additional premium shall be reduced by the amount of the unearned premium from the date of the **Takeover** or the date of notice of the election of the Run-Off Coverage, whichever is later, through the expiration date set forth in Item 2. of the Declarations.

2. The **Parent Company** shall have the right to elect only one of the periods designated in Item 6. of the Declarations. The election must be made prior to the expiration of the **Policy Period**. The right to purchase a **Run-Off Period** shall terminate on the expiration of the **Policy Period**.

3. If a **Run-off Period** is elected and purchased:

   a. Section E. above, is deleted in its entirety and neither the **Insureds** nor the **Insurer** may cancel this **Policy** or any Coverage Section thereof;

   b. Section H. above, is deleted in its entirety; and

   c. the maximum aggregate Limit of Liability of the **Insurer** for each Coverage Section purchased and set forth on the Declarations shall be twice the otherwise applicable maximum aggregate Limit of Liability set forth in Item 3. of the Declarations for such Coverage Section; provided, however, the maximum aggregate Limit of Liability of the **Insurer** in connection with any one **Claim** shall be amount originally shown as the maximum aggregate Limit of Liability for each Coverage Section purchased and set forth on the Declaration.

J. **ALTERNATIVE DISPUTE RESOLUTION**

The **Insureds** and the **Insurer** shall submit any dispute or controversy arising out of or relating to this **Policy** or the breach, termination or invalidity thereof to the alternative dispute resolution ("ADR") process described in this subsection.

Either an **Insured** or the **Insurer** may elect the type of ADR process discussed below; provided, however, that the **Insured** shall have the right to reject the choice by the **Insurer** of the type of ADR process at any time prior to its commencement, in which case the choice by the **Insured** of ADR process shall control.

There shall be two choices of ADR process: (1) non-binding mediation administered by any mediation facility to which the **Insurer** and the **Insured** mutually agree, in which the **Insured** and the **Insurer** shall try in good faith to settle the dispute by mediation in accordance with the then-prevailing commercial mediation rules of the mediation facility; or (2) arbitration submitted to any arbitration facility to which the **Insured** and the **Insurer** mutually agree, in which the arbitration panel shall consist of three disinterested individuals. In either mediation or arbitration, the mediator or arbitrators shall have knowledge of the legal, corporate management, and insurance issues relevant to the matters in dispute. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the award of the arbitrators shall not include attorneys' fees or other costs. In the event of mediation, either party shall have the right to commence arbitration in accordance with this section; provided, however, that no such arbitration shall be commenced until at least sixty (60) days after the date the

mediation shall be deemed concluded or terminated. In all events, each party shall share equally the expenses of the ADR process.

Either ADR process may be commenced in New York, New York or in the state indicated in Item 1. of the Declarations as the principal address of the **Parent Company**. The **Parent Company** shall act on behalf of each and every **Insured** in connection with any ADR process under this section.

K. **TERRITORY**

Coverage under this **Policy** shall extend to **Wrongful Acts** taking place or **Claims** made anywhere in the world.

L. **ASSISTANCE, COOPERATION AND SUBROGATION**

The **Insureds** agree to provide **Insurer** with such information, assistance and cooperation as **Insurer** reasonably may request, and they further agree that they shall not take any action which in any way increases **Insurer's** exposure under this **Policy**. In the event of any payments under this **Policy**, **Insurer** shall be subrogated to the extent of such payment to all of the **Insureds'** rights of recovery against any person or entity. The **Insureds** shall execute all papers required and shall do everything that may be necessary to secure and preserve such rights, including the execution of such documents as are necessary to enable **Insurer** effectively to bring suit or otherwise pursue subrogation in the name of the **Insureds**, and shall provide all other assistance and cooperation which **Insurer** may reasonably require.

M. **ACTION AGAINST INSURER, ALTERATION AND ASSIGNMENT**

Except as provided in Section J. above, Alternative Dispute Resolution, no action shall lie against **Insurer** unless, as a condition precedent thereto, there shall have been compliance with all of the terms of this **Policy**. No person or organization shall have any right under this **Policy** to join **Insurer** as a party to any action against the **Insureds** to determine their liability, nor shall **Insurer** be impleaded by the **Insureds** or their legal representative. No change in, modification of, or assignment of interest under this **Policy** shall be effective except when made by a written endorsement to this **Policy** which is signed by an authorized representative of the **Insurer**.

N. **ENTIRE AGREEMENT**

By acceptance of this **Policy**, the **Insureds** agree that this **Policy** embodies all agreements existing between them and **Insurer** or any of their agents relating to this insurance. Notice to any agent or knowledge possessed by any agent or other person acting on behalf of **Insurer** shall not effect a waiver or a change in any part of this **Policy** or estop **Insurer** from asserting any right under the terms of this **Policy** or otherwise, nor shall the terms be deemed waived or changed except by written endorsement or rider issued by **Insurer** to form part of this **Policy**.

NFOBGYN0010

Case 3:20-cv-00479-JRK   Document 117   Filed 05/19/20   Page 12 of 61 PageID 924

## Underwritten by Scottsdale Indemnity Company

A Stock Insurance Company, herein called the **Insurer**

### BUSINESS AND MANAGEMENT INDEMNITY POLICY

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

In consideration of the payment of premium, in reliance on the **Application** and subject to the Declarations, and terms and conditions of this **Policy**, the **Insurer** and the **Insureds** agree as follows

A. **INSURING CLAUSES**

1. The **Insurer** shall pay the **Loss** of the **Directors and Officers** for which the **Directors and Officers** are not indemnified by the **Company** and which the **Directors and Officers** have become legally obligated to pay by reason of a **Claim** first made against the **Directors and Officers** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

2. The **Insurer** shall pay the **Loss** of the **Company** for which the **Company** has indemnified the **Directors and Officers** and which the **Directors and Officers** have become legally obligated to pay by reason of a **Claim** first made against the **Directors and Officers** during the **Policy Period** or, if elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

3. The **Insurer** shall pay the **Loss** of the **Company** which the **Company** becomes legally obligated to pay by reason of a **Claim** first made against the **Company** during the **Policy Period** or, if applicable, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for any **Wrongful Act** taking place prior to the end of the **Policy Period**.

B. **DEFINITIONS**

1. **Claim** means:

   a. a written demand against any **Insured** for monetary damages or non-monetary or injunctive relief;

   b. a written demand by one or more of the securities holders of the **Company** upon the board of directors or the management board of the **Company** to bring a civil proceeding against any of the **Directors and Officers** on behalf of the **Company**;

   c. a civil proceeding against any **Insured** seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading;

   d. a criminal proceeding against any **Insured** commenced by a return of an indictment or similar document, or receipt or filing of a notice of charges;

   e. an arbitration proceeding against any **Insured** seeking monetary damages or non-monetary or injunctive relief; or

   f. a civil, administrative or regulatory proceeding, or a formal governmental investigation against any **Insured** commenced by the filing of a notice of charges, investigative order or similar document.

2. **Continuity Date** means the date set forth in Item 3. of the Declarations relating to this Coverage Section.

3. **Costs, Charges and Expenses** means:

   a. reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in defending **Claims** and the premium for appeal, attachment or similar bonds arising out of covered

judgments, but with no obligation to furnish such bonds and only for the amount of such judgment that is up to the applicable Limit of Liability; and

    b. reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in investigating a written demand, by one or more of the securities holders of the **Company** upon the board of directors or the management board of the **Company,** to bring a civil proceeding against any of the **Directors and Officers** on behalf of the **Company**.

    **Costs, Charges and Expenses** do not include salaries, wages, fees, overhead or benefit expenses of or associated with officers or employees of the **Company.**

4. **Directors and Officers** means any person who was, now is, or shall become:

    a. a duly elected or appointed director, officer, or similar executive of the **Company**, or any member of the management board of the **Company**;

    b. a person who was, is or shall become a full-time or part-time employee of the **Company**; and

    c. the functional equivalent of directors or officers of a **Company** incorporated or domiciled outside the United States of America.

5. **Insured** means the **Company** and the **Directors and Officers**.

6. **Interrelated Wrongful Acts** means all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of facts, circumstances, situations, events, transactions or causes.

7. **Loss** means damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, and **Costs, Charges and Expenses** incurred by **Directors and Officers** under Insuring Clauses 1. or 2. or the **Company** under Insuring Clause 3. **Loss** does not include:

    a. taxes, fines or penalties;

    b. matters uninsurable under the laws pursuant to which this **Policy** is construed;

    c. punitive or exemplary damages, or the multiple portion of any multiplied damage award, except to the extent that such punitive or exemplary damages, or multiplied portion of any multiplied damage award are insurable under the internal laws of any jurisdiction which most favors coverage for such damages and which has a substantial relationship to the **Insureds**, **Insurer**, this **Policy** or the **Claim** giving rise to such damages;

    d. the cost of any remedial, preventative or other non-monetary relief, including without limitation any costs associated with compliance with any such relief of any kind or nature imposed by any judgment, settlement or governmental authority;

    e. any amount for which the **Insured** is not financially liable or legally obligated to pay;

    f. the costs to modify or adapt any building or property to be accessible or accommodating, or more accessible or accommodating, to any disabled person; or

    g. any amounts owed or paid to one or more securities holders of the **Company** under any written or express contract or agreement.

8. **Outside Entity** means:

    a. any non-profit company which is exempt from taxation under the Internal Revenue Code, as amended, in which any of the **Directors and Officers** is a director, officer, trustee, governor, executive director or similar position of such non-profit company; and

    b. any other company specifically identified by endorsement to this **Policy**.

9. **Wrongful Act** means any actual or alleged error, omission, misleading statement, neglect,

breach of duty or act allegedly committed or attempted by:

    a. any of the **Directors and Officers**, while acting in their capacity as such, or any matter claimed against any **Director and Officer** solely by reason of his or her serving in such capacity;

    b. any of the **Directors and Officers**, while acting in their capacity as a director, officer, trustee, governor, executive director or similar position of any **Outside Entity** where such service is with the knowledge and consent of the **Company**; and

    c. the **Company**, but only with respect to Insuring Clause 3. of this Coverage Section.

## C. EXCLUSIONS

1. Exclusions Applicable to All Insuring Clauses

    **Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim**:

    a. for actual or alleged bodily injury, sickness, disease, death, false imprisonment, assault, battery, mental anguish, emotional distress, invasion of privacy of any person, or damage to or destruction of any tangible or intangible property including loss of use thereof, whether or not such property is physically injured;

    b. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i. any **Wrongful Act**, fact, circumstance or situation which has been the subject of any written notice given under any other policy of which this **Policy** is a renewal or replacement or which it succeeds in time; or

        ii. any other **Wrongful Act**, whenever occurring, which together with a **Wrongful Act** which has been the subject of such prior notice, would constitute **Interrelated Wrongful Acts**;

    c. Alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i. the actual, alleged or threatened discharge, dispersal, release, escape, seepage, migration or disposal of **Pollutants**; or

        ii. any direction or request that any **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so;

    provided, however, this exclusion shall not apply to any **Claim** brought directly, derivatively or otherwise by one or more securities holders of the **Company** in their capacity as such.

    For purposes of this exclusion, **Pollutants** means any substance exhibiting any hazardous characteristics as defined by, or identified on, a list of hazardous substances issued by the United States Environmental Protection Agency or any federal, state, county, municipal or local counterpart thereof or any foreign equivalent. Such substances shall include, without limitation, solids, liquids, gaseous, biological, bacterial or thermal irritants, contaminants or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials (including materials to be reconditioned, recycled or reclaimed). **Pollutants** shall also mean any other air emission or particulate, odor, waste water, oil or oil products, infectious or medical waste, asbestos or asbestos products, noise, fungus (including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi, but does not include any fungi intended by the **Insured** for consumption) and electric or magnetic or electromagnetic field;

    d. for any actual or alleged violation of the responsibilities, obligations or duties imposed by Employee Retirement Income Security Act of 1974, as amended, or any rules or regulations promulgated thereunder, or similar provisions of any federal, state or local statutory or common law;

    e. brought or maintained by, on behalf of, in the right of, or at the direction of any **Insured** in any

NFOBGYN0013

capacity, any **Outside Entity** or any person or entity that is an owner of or joint venture participant in any **Subsidiary** in any respect and whether or not collusive, unless such **Claim**:

    i. is brought derivatively by a securities holder of the **Parent Company** and is instigated and continued totally independent of, and totally without the solicitation, assistance, active participation of, or intervention of, any **Insured**;

    ii. is brought or maintained by any **Insured** in the form of a cross-claim, third-party claim or other proceeding for contribution or indemnity which is part of, and directly results from a **Claim** that is covered by this Coverage Section;

    iii. is brought or maintained by an employee of the **Company** who is not or was not a director or officer of the **Company**;

    iv. is brought or maintained by any former director or officer of the **Company** solely in their capacity as a securities holder of the **Company** and where such **Claim** is solely based upon and arising out of **Wrongful Acts** committed subsequent to the date such director or officer ceased to be a director or officer of the **Company** and where such **Claim** is first made two (2) years subsequent to the date such director or officer ceased to be a director or officer of the **Company**; or

    v. is brought or maintained by any bankruptcy trustee or bankruptcy appointed representative of the **Company**;

f. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

    i. any dishonest, deliberately fraudulent or criminal act of an **Insured**; provided, however this exclusion f.i. shall not apply unless and until there is a final judgment against such **Insured** as to such conduct; or

    ii. the gaining of any profit, remuneration or financial advantage to which any **Directors and Officers** were not legally entitled; provided, however this exclusion f.ii. shall not apply unless and until there is a final judgment against such **Directors and Officers** as to such conduct.

    When f.i. or ii. apply, the **Insured** shall reimburse the **Insurer** for any **Costs, Charges or Expenses**;

g. for the return by any of the **Directors and Officers** of any remuneration paid to them without the previous approval of the appropriate governing body of the **Company** or **Outside Entity**, which payment without such previous approval shall be held to be in violation of law;

h. against any of the **Directors and Officers** of any **Subsidiary** or against any **Subsidiary** alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving **Wrongful Act** actually or allegedly committed or attempted by a **Subsidiary** or **Directors and Officers** thereof:

    i. before the date such entity became a **Subsidiary** or after the date such entity ceased to be a **Subsidiary**; or

    ii. occurring while such entity was a **Subsidiary** which, together with a **Wrongful Act** occurring before the date such entity became a **Subsidiary**, would constitute **Interrelated Wrongful Acts**;

i. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any **Wrongful Act** actually or allegedly committed subsequent to a **Takeover**;

j. for a **Wrongful Act** actually or allegedly committed or attempted by any of the **Directors and Officers** in his or her capacity as a director, officer, trustee, manager, member of the board of managers or equivalent executive of a limited liability company or employee of, or independent contractor for or in any other capacity or position with any entity other than the **Company**; provided, however, that this exclusion shall not apply to **Loss** resulting from any such **Claim** to the extent that:

      i. such **Claim** is based on the service of any of the **Directors and Officers** as a director, officer, trustee, governor, executive director or similar position of any **Outside Entity** where such service is with the knowledge and consent of the **Company**; and

      ii. such **Outside Entity** is not permitted or required by law to provide indemnification to such **Directors and Officers**; and

      iii. such **Loss** is not covered by insurance provided by any of the **Outside Entity's** insurer(s);

k. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

      i. any prior or pending litigation or administrative or regulatory proceeding, demand letter or formal or informal governmental investigation or inquiry filed or pending on or before the **Continuity Date**; or

      ii. any fact, circumstance, situation, transaction or event underlying or alleged in such litigation or administrative or regulatory proceeding, demand letter or formal or informal governmental investigation or inquiry;

l. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, any **Wrongful Act**, fact, circumstance or situation which any of the **Insureds** had knowledge of prior to the **Continuity Date** where such **Insureds** had reason to believe at the time that such known **Wrongful Act** could reasonably be expected to give rise to such **Claim**;

m. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any employment or employment-related matters brought by or on behalf of or on the right of an applicant for employment with the **Company,** or any of the **Directors and Officers**, including any voluntary, seasonal, temporary, leased or independently-contracted employee of the **Company**;

n. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

      i. any initial public offering of securities undertaken and consummated by the **Company**, including all activities in connection therewith;

      ii. the actual or alleged violation of the Securities Act of 1933, the Securities Exchange Act of 1934, any rules or regulations of the Securities Exchange Commission adopted thereunder, any federal, state or provincial statute or common law regulating securities similar to the foregoing, including any amendments thereto, any rules or regulations adopted pursuant thereto in connection with any **Wrongful Act** actually or allegedly committed subsequent to the consummation of an initial public offering of securities of the **Company**; or

      iii. any equity or debt offering, solicitation, sale, distribution or issuance of securities of the **Company** in excess of $50 million where such issuance takes place during the **Policy Period** and is exempt from the registration requirements of the Securities and Exchange Commission pursuant to Section 3.b. of the Securities Act of 1933 and rules and regulations promulgated thereunder, or any activities or transactions dealing in any way with such issuance of securities of the **Company**; provided, however, this exclusion shall not apply if the **Insurer** agrees in writing to extend coverage for **Wrongful Acts** in connection with such issuance of securities and the **Insureds** have paid the premium required by the **Insurer** for such coverage extension; or

o. for that portion of **Loss** which is covered under any other Coverage Section of this **Policy**.

2. Exclusions Applicable Only to Insuring Clause A.3.

**Insurer** shall not be liable for **Loss** on account of any **Claim**:

NFOBGYN0015

    a. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the actual or alleged breach of any contract or agreement; except and to the extent the **Company** would have been liable in the absence of such contract or agreement; or

    b. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i. any actual or alleged infringement, misappropriation, or violation of copyright, patent, service marks, trademarks, trade secrets, title or other proprietary or licensing rights or intellectual property of any products, technologies or services; or

        ii. any goods or products manufactured, produced, processed, packaged, sold, marketed, distributed, advertised or developed by the **Company**.

Provided, however, the exclusions in 2.a. and 2.b. above shall not apply to any such **Claim** brought or maintained, directly or indirectly, by one or more securities holders of the **Company** in their capacity as such.

No **Wrongful Act** of one or more **Insureds** shall be imputed to any other **Insureds** for the purpose of determining the applicability of any of the above exclusions.

## D. LIMIT OF LIABILITY AND RETENTIONS

1. The liability of the **Insurer** shall apply only to that part of **Loss** which is excess of the Retention amounts applicable to this Coverage Section, as shown in Item 3. of the Declarations. Such Retentions shall be borne uninsured by the **Insureds** and at their own risk. If different parts of a single **Claim** are subject to different applicable Retentions under this Coverage Section, the applicable Retentions will be applied separately to each part of such **Loss**, but the sum of such Retentions shall not exceed the largest applicable Retention.

2. As shown in Item 3. of the Declarations relating to this Coverage Section, the following Limits of Liability of the **Insurer** shall apply:

    a. The amount set forth in Item 3.1.a. relating to this Coverage Section shall be the aggregate limit of liability for the payment of **Loss** under all Insuring Clauses for this Coverage Section, subject to additional payments for **Loss** under Insuring Clause A.1. as further described in subsection b. immediately below.

    b. The amount set forth in Item 3.1.b. relating to this Coverage Section shall be an aggregate limit of liability for the payment of **Loss** under Insuring Clause A.1. in addition to the limit described in subsection a. immediately above; provided, all payments for **Loss** under the additional limits described in this subsection b. shall be excess of the limit described in subsection a. above, and excess of any other available insurance that is specifically excess to this **Policy**. Such excess insurance must be completely and fully exhausted through the payment of loss, including but not limited to defense costs thereunder, before the **Insurer** shall have any obligations to make any payments under the additional limits described in this subsection b.

    c. The amount set forth in Item 3.1.c. of the Declarations relating to this Coverage Section shall be the maximum aggregate limit of liability for the payment of **Loss** under all Insuring Clauses for this Coverage Section. The Limit of Liability set forth in Items 3.1.a. and 3.1.b. relating to this Coverage Section shall be a part of and not in addition to the maximum aggregate limit of liability set forth in Item 3.1.c. for this Coverage Section.

3. All **Claims** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** shall be deemed to constitute a single **Claim** and shall be deemed to have been made at the earliest of the following times, regardless of whether such date is before or during the **Policy Period**:

    a. the time at which the earliest **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Act** is first made; or

    b. the time at which the **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to have been made pursuant to Section E.2. below.

4. The Retention applicable to Insuring Clause 2. shall apply to **Loss** resulting from any **Claim** if indemnification for the **Claim** by the **Company** is required or permitted by applicable law, to the fullest extent so required or permitted, regardless of whether or not such actual indemnification by the **Company** is made, except and to the extent such indemnification is not made by the **Company** solely by reason of the **Company's** financial insolvency.

5. Payments of **Loss** by **Insurer** shall reduce the Limit(s) of Liability under this Coverage Section. **Costs, Charges and Expenses** are part of, and not in addition to, the Limits of Liability and payment of **Costs, Charges and Expenses** reduce the Limits of Liability. If such Limit(s) of Liability are exhausted by payment of **Loss**, the obligations of the **Insurer** under this Coverage Section are completely fulfilled and extinguished.

## E. NOTIFICATION

1. The **Insureds** shall, as a condition precedent to their rights to payment under this Coverage Section only, give **Insurer** written notice of any **Claim** as soon as practicable, but in no event later than sixty (60) days after the end of the **Policy Period**. If any **Claim** is first made against the **Insureds** during the **Extended Period**, if purchased, written notice to **Insurer** must be given as soon as practicable, but in no event later than sixty (60) days after the end of the **Extended Period.**

2. If, during the **Policy Period** or the **Discovery Period**, if purchased, any of the **Insureds** first becomes aware of a specific **Wrongful Act** which may reasonably give rise to a future **Claim** covered under this **Policy,** and if the **Insureds**, during the **Policy Period** or the **Discovery Period**, if purchased, give written notice to **Insurer** as soon as practicable of:

    a. a description of the **Wrongful Act** allegations anticipated;

    b. the identity of the potential claimants;

    c. the circumstances by which the **Insureds** first became aware of the **Wrongful Act**;

    d. the identity of the **Insureds** allegedly involved;

    e. the consequences which have resulted or may result; and

    f. the nature of the potential monetary damages and non-monetary relief;

then any **Claim** made subsequently arising out of such **Wrongful Act** shall be deemed for the purposes of this Coverage Section to have been made at the time such notice was received by the **Insurer**. No coverage is provided for fees, expenses and other costs incurred prior to the time such **Wrongful Act** results in a **Claim**.

3. Notice to **Insurer** shall be given to the address shown under Item 8. of the Declarations for this **Policy**.

## F. SETTLEMENT AND DEFENSE

1. It shall be the duty of the **Insurer** and not the duty of the **Insureds** to defend any **Claim**. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The **Insurer's** duty to defend any **Claim** shall cease when the Limits of Liability have been exhausted by the payment of **Loss** including **Costs, Charges and Expenses.**

2. The **Insurer** may make any investigation it deems necessary, and shall have the right to settle any **Claim**; provided, however, no settlement shall be made without the consent of the **Parent Company**, such consent not to be unreasonably withheld.

3. The **Insureds** agree not to settle or offer to settle any **Claim**, incur any **Costs, Charges and Expenses** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the prior written consent of the **Insurer**, such consent not to be unreasonably withheld. The **Insurer** shall not be liable for any settlement, **Costs, Charges and Expenses**, assumed obligation or admission to which it has

NFOBGYN0017

not consented. The **Insureds** shall promptly send to the **Insurer** all settlement demands or offers received by any **Insured** from the claimant(s).

4. The **Insureds** agree to provide the **Insurer** with all information, assistance and cooperation which the **Insurer** reasonably requests and agree that, in the event of a **Claim,** the **Insureds** will do nothing that shall prejudice the position of the **Insurer** or its potential or actual rights of recovery.

## G.  OTHER INSURANCE

If any **Loss** covered under this Coverage Section is covered under any other valid and collectible insurance, then this **Policy** shall cover the **Loss**, subject to its terms and conditions, only to the extent that the amount of the **Loss** is in excess of the amount of such other insurance whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limit of Liability for this Coverage Section.

## H.  PAYMENT PRIORITY

1. If the amount of any **Loss** which is otherwise due and owing by the **Insurer** exceeds the then remaining Limit of Liability applicable to the **Loss**, the **Insurer** shall pay the **Loss,** subject to such Limit of Liability, in the following priority:

   a. First, the **Insurer** shall pay any **Loss** covered under Insuring Clause A.1. in excess of any applicable Retention shown in Item 3. of the Declarations; and

   b. Second, only if and to the extent the payment under subsection 1. above does not exhaust the applicable Limit of Liability, the **Insurer** shall pay any **Loss** in excess of the Retention shown in Item 3. of the Declarations covered under any other applicable Insuring Clause.

   c. Subject to the foregoing subsection, the **Insurer** shall, upon receipt of a written request from the Chief Executive Officer of the **Parent Company**, delay any payment of **Loss** otherwise due and owing to or on behalf of the **Company** until such time as the Chief Executive Officer of the **Parent Company** designates, provided the liability of the **Insurer** with respect to any such delayed **Loss** payment shall not be increased, and shall not include any interest, on account of such delay.

| Underwritten by Scottsdale Indemnity Company | | | ENDORSEMENT NO. 1 | |
|---|---|---|---|---|
| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | | AGENT NO. |
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ADDITIONAL NAMED INSUREDS WITH CONTINUITY DATE

Item 1., **Parent Company**, of the Declarations page is amended to include the following:

North Florida Central Services, LLC

With respect to the coverage solely extended by this endorsement, the **Continuity Date** set forth in Item 3. of the **Declarations** for the Directors and Officers and Company Coverage Section is amended to read as follows:

3. **Continuity Date:** 01/01/2013

All other terms and conditions of this **Policy** remain unchanged.

EKI-75 (04/08)

6/13/2019 — Page 1 of 1

NFOBGYN0019

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 2 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### ADDITIONAL NAMED INSUREDS WITH CONTINUITY DATE

Item 1., **Parent Company**, of the Declarations page is amended to include the following:

North Florida MSO, LLC

With respect to the coverage solely extended by this endorsement, the **Continuity Date** set forth in Item 3. of the **Declarations** for the Directors and Officers and Company Coverage Section is amended to read as follows:

3. **Continuity Date:** 04/01/2014

All other terms and conditions of this **Policy** remain unchanged.

EKI-75 (4-08)                                                                 6/13/2019 — Page 1 of 1

NFOBGYN0020

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 3 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**ALLOCATION PROVISION**

This endorsement modifies insurance provided under the following:

**GENERAL TERMS AND CONDITIONS**

The following Section O., **ALLOCATION**, is added to the General Terms and Conditions Section.

O. **ALLOCATION**

1. In the event the **Insurer** has the duty to defend a **Claim** under any Coverage Section in which both **Loss** that is covered by the applicable Coverage Section and loss which is not covered by the applicable Coverage Section is incurred, either because such **Claim** includes both covered and uncovered matters or because such **Claim** is made against both covered and uncovered parties, then:

    a. this **Policy** shall pay one hundred percent (100%) of **Costs, Charges and Expenses** incurred by such **Insured** on account of such **Claim**; and

    b. there shall be a fair and equitable allocation of any remaining loss incurred by such **Insured** on account of such **Claim** between covered **Loss** and uncovered loss based upon the relative legal and financial exposures and the relative benefits obtained.

2. In the event the **Insured** has the duty to defend a **Claim** under any Coverage Section in which both **Loss** that is covered by the applicable Coverage Section and loss which is not covered by the applicable Coverage Section is incurred, either because such **Claim** includes both covered and uncovered matters or because such **Claim** is made against both covered and uncovered parties, then the **Insured** and the **Insurer** shall use their best efforts to determine a fair and proper allocation as between such insured and uninsured loss, taking into account the relative legal and financial exposures and the relative benefits obtained.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0021

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 4 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMEND CONDUCT EXCLUSION**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

Section C., **EXCLUSIONS**, subsection 1., paragraph f. is deleted in its entirety and replaced by the following:

f. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

i. any dishonest, deliberately fraudulent or criminal act of an **Insured**; provided, however this exclusion f.i. shall not apply unless and until there is a final judgment against such **Insured** as to such conduct (including the exhaustion of all appeals, petitions and rehearings in such **Claim**); or

ii. the gaining of any profit, remuneration or financial advantage to which any **Directors and Officers** were not legally entitled; provided, however this exclusion f.ii. shall not apply unless and until there is a final judgment against such **Directors and Officers** as to such conduct (including the exhaustion of all appeals, petitions and rehearings in such **Claim**).

When f.i. or f.ii. apply, the **Insured** shall reimburse the **Insurer** for any **Costs, Charges or Expenses**;

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0022

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 5 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMEND DISCOVERY ELECTION-90 DAYS**

This endorsement modifies insurance provided under the following:

**GENERAL TERMS AND CONDITIONS**

Section H., **DISCOVERY PERIOD**, subsection 2., is replaced by:

2. As a condition precedent to the right to purchase the **Discovery Period** set forth in subsection H.1. above, the total premium for the **Policy** must have been paid. Such right to purchase the **Discovery Period** shall terminate unless written notice, together with full payment of the premium for the **Discovery Period**, is received by **Insurer** within ninety (90) days after the effective date of cancellation, or, in the event of a refusal to renew, within ninety (90) days after the **Policy** expiration date. If such notice and premium payment is not so given to **Insurer**, there shall be no right to purchase the **Discovery Period**.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 6 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND INSURED V. INSURED EXCLUSION (DILUTION CLAIMS EXCEPTION)

In consideration of the premium paid, it is agreed that this endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

1. Section C., **EXCLUSIONS**, paragraph 1.e.iv. is deleted in its entirety and replaced with the following:

   iv. is brought or maintained by any former **Director or Officer** of the **Company** solely in their capacity as a securities holder of the **Company** and where such **Claim** is solely based upon and arising out of:

   a. **Wrongful Acts** committed subsequent to the date such **Director or Officer** ceased to be a **Director or Officer** of the **Company** and where such **Claim** is first made two (2) years subsequent to the date such **Director or Officer** ceased to be a **Director or Officer** of the **Company**; or

   b. any actual or alleged unfair dilution of such securities holder s securities interest, but only if such **Claim** is first made within two (2) years after the date such **Director or Officer** ceased to be a **Director or Officer** of the **Company** and such **Claim** is made in connection with the sale of a majority of the assets of the **Company**, the merger of the **Company** with or into another entity, or the initial public offering of the securities of the **Company** ("**Dilution Claims**"); or

2. The Directors and Officers and Company Coverage Section in Item 3. of the Declarations is amended to add the following:

   4. Sublimit of Liability for **Dilution Claims**:

   a. $250,000  aggregate for all **Loss**, subject to b. and c. immediately below,

   b. $0  additional aggregate for all **Costs, Charges and Expenses**, subject to c. immediately below,

   c. $250,000  maximum aggregate for **Loss** arising from **Dilution Claims**.

   This Sublimit of Liability shall be a part of and not in addition to the maximum aggregate Limit of Liability set forth in Item 3.1.c. of the Declarations for this Coverage Section.

NFOBGYN0024

Case 3:20-cv-00479-RK Document 1-1 Filed 05/12/20 Page 26 of 61 PageID 38

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0025

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 7 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND NOTICE OF CIRCUMSTANCES

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

Section **E. NOTIFICATION**, subsection **2.** is replaced by:

2.  If during the **Policy Period** or the **Discovery Period**, if purchased, any of the **Insureds** first become aware of specific facts or circumstances which may reasonably give rise to a future **Claim** covered under this **Policy**, and if the **Insureds**, during the **Policy Period** or the **Discovery Period**, if purchased, give written notice to **Insurer** as soon as practicable of:

    a.  a description of the facts, circumstances, or allegations anticipated;

    b.  the identity of potential claimants;

    c.  the circumstances by which the **Insureds** first became aware of the facts or circumstances;

    d.  the identity of the **Insureds** allegedly involved;

    e.  the consequences which have resulted or may result; and

    f.  the nature of the potential monetary damages and non-monetary relief;

    then any **Claim** made subsequently arising out of such facts or circumstances shall be deemed for the purposes of this Coverage Section to have been made at the time such notices was received by the **Insurer**. No coverage is provided for fees, expenses and other costs incurred prior to the time such facts or circumstances results in a **Claim**.

**All other terms and conditions of this Policy remain unchanged.**

NFOBGYN0026

| Underwritten by Scottsdale Indemnity Company | | | ENDORSEMENT NO. 8 | |
|---|---|---|---|---|
| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | | AGENT NO. |
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND NOTICE PROVISION - D&O

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

The following is added to Section E. **NOTIFICATION**, subsection 1.:

A **Claim** shall be deemed to have been first made against the **Insureds** on the date an **Insured** who is an executive officer, director or general counsel becomes aware of such **Claim**.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0027

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 9 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMEND OTHER INSURANCE TO BE PRIMARY - D&O**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

Section G., **OTHER INSURANCE**, is replaced by:

G. **OTHER INSURANCE**

For any **Claim**, if any **Loss** covered under this Coverage Section is covered under any other valid and collectable insurance, then this **Policy** shall be primary insurance, unless expressly written to be excess over other applicable insurance.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0028

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 10 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMEND OUTSIDE SERVICES EXCLUSION**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

Section C., **EXCLUSIONS**, subsection 1., paragraph j., subparagraph ii. is replaced by:

ii. such **Outside Entity** is not permitted or required by law to provide indemnification to such **Directors and Officers**, or is unable to indemnify such **Directors and Officers** as a result of **Financial Impairment**; and

For the purposes of this endorsement **Financial Impairment** means the status of the **Outside Entity** resulting from (1) the appointment by any state or federal official, agency or court of any receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate the **Outside Entity**, or (2) in the event a bankruptcy proceeding shall be instituted by or against the **Outside Entity**, the **Outside Entity** becoming a debtor-in-possession.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0029

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 11 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND POLLUTION EXCLUSION - SIDE A - FLORIDA

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

It is agreed that Section C., **EXCLUSIONS**, subsection 1.c., is deleted in its entirety and replaced by the following:

    c.  Alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i.  the actual, alleged or threatened discharge, dispersal, release, escape, seepage, migration or disposal of **Pollutants**; or

        ii.  any direction or request that any **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so;

    provided, however, this exclusion shall not apply to:

        **Loss** of the **Directors and Officers** for which the **Directors and Officers** are not indemnified by the **Company**; or

        any **Claim** brought directly, derivatively or otherwise by one or more securities holders of the **Company** in their capacity as such.

For purposes of this exclusion, **Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0030

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 12 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND REPRESENTATIONS PROVISION NON-RESCINDABLE COVERAGE - FLORIDA

This endorsement modifies insurance provided under the following:

### GENERAL TERMS AND CONDITIONS

Section D., **REPRESENTATIONS**, subsection 2. is replaced by:

2. In the event the **Application**, including materials submitted or required to be submitted therewith, contains any misrepresentation or omission made with the intent to deceive, or contains any misrepresentation or omission which materially affects either the acceptance of the risk or the hazard assumed by the **Insurer** under this **Policy**, this **Policy**, including each and all Coverage Sections, may not afford coverage to the following **Insureds** for any **Claim** alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, any untruthful or inaccurate statements, representations or information:

   a. any **Insured** who is a natural person and who knew the facts misrepresented or the omissions, whether or not such individual knew of the **Application**, such materials, or this **Policy**;

   b. any **Company** or **Sponsor Company** to the extent it indemnifies any **Insured** referred to in subsection a. above; and

   c. any **Company**, **Sponsor Company**, **Plan**, **Employee Benefit Plan**, or any other entity that is an **Insured**, if any past or present chief executive officer, chief financial officer, general counsel, risk manager or human resources director (or equivalent positions) of the **Parent Company** knew the facts misrepresented or the omissions, whether or not such individual knew of the **Application**, such materials, or this **Policy**.

With respect to any statement, representation or information contained in the **Application**, or in the materials submitted or required to be submitted therewith, and solely with respect to the above exclusion, no knowledge possessed by any **Insured** who is a natural person shall be imputed to any other **Insured** who is a natural person.

The following condition is added:

### NON-RESCINDABLE

The **Insurer** shall not be entitled under any circumstances to rescind any Coverage Section of the **Policy** with respect to any **Insured**. Nothing contained in this section shall limit or waive any other rights or remedies available to the **Insurer**.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | | ENDORSEMENT NO. 13 |
|---|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMEND RUN-OFF**

This endorsement modifies insurance provided under the following:

**GENERAL TERMS AND CONDTIONS**

It is agreed that Section I., **RUN-OFF COVERAGE**, Subsection 3.c. is deleted in its entirety.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 14 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMEND SUBROGATION PROVISION - FINAL JUDGMENT

This endorsement modifies insurance provided under the following:

### GENERAL TERMS AND CONDITIONS

Section L., **ASSISTANCE, COOPERATION AND SUBROGATION**, is deleted in its entirety and replaced by the following:

### L. ASSISTANCE, COOPERATION AND SUBROGATION

The **Insureds** agree to provide **Insurer** with such information, assistance and cooperation as **Insurer** reasonably may request, and they further agree that they shall not take any action which in any way increases **Insurer's** exposure under this **Policy**. In the event of any payments under this **Policy, Insurer** shall be subrogated to the extent of such payment to all of the **Insureds'** rights of recovery against any person or entity. The **Insureds** shall execute all papers required and shall do everything that may be necessary to secure and preserve such rights, including the execution of such documents as are necessary to enable **Insurer** effectively to bring suit or otherwise pursue subrogation in the name of the **Insureds**, and shall provide all other assistance and cooperation which **Insurer** may reasonably require. In no event, however, shall the **Insurer** exercise its right of subrogation against an **Insured** under this **Policy** unless such **Insured** has been convicted of a deliberate criminal act; or has committed a deliberate fraudulent act, if a final judgment establishes that such deliberate fraudulent act was committed; or has obtained any profit or advantage to which a final judgment establishes the **Insured** was not legally entitled.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 15 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMENDED DEFINITION OF DIRECTORS & OFFICERS - LEASED / CONTRACTED EMPLOYEES

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

The following is added to Section **B. DEFINITIONS**, subsection **4.**:

**Directors and/or Officers** means any person who was, now is, or shall become:

any natural person who is a leased employee or is contracted to perform work for the **Company**, or is an independent contractor for the **Company**, but only to the extent such individual performs work or services for or on behalf of the **Company**.

**All other terms and conditions of this Policy remain unchanged.**

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 16 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMENDED INSURED VERSUS INSURED EXCLUSION

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

Section C., **EXCLUSIONS**, subsection 1., paragraph e., subparagraph iii. is replaced by:

iii. is brought or maintained by an employee of the **Company** who is not or was not a director or officer of the **Company**, including any such **Claim** brought or maintained under the Federal False Claims Act or any similar federal, state, local or foreign "whistleblower" law or "whistle-blower" provision of any law.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0035

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 17 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMENDED INSURED VERSUS INSURED EXCLUSION - FOREIGN JURISDICTION**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

Section C., **EXCLUSIONS**, subsection 1. is amended by adding the following to paragraph e.:

is brought or maintained in a jurisdiction outside the United States of America, Canada or Australia by any **Insured** of the **Company** solely where such **Company** is domiciled or chartered in such foreign jurisdiction;

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 18 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMENDED INSURED VERSUS INSURED EXCLUSION WITH CREDITOR COMMITTEE CARVEBACK**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

Section C., **EXCLUSIONS**, subsection 1., paragraph e., subparagraph v. is deleted in its entirety and replaced by the following:

   v. is brought or maintained by or on behalf of a bankruptcy or insolvency receiver, trustee, examiner, conservator, liquidator or rehabilitator for, or creditors' committee of, the **Company**, or any assignee thereof;

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 19 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

It is agreed that the Limit(s) of Liability section is amended by adding the following:

- Notwithstanding anything in this policy to the contrary, if aggregate **Insured** losses attributable to terrorist acts certified under the federal Terrorism Risk Insurance Act exceed $100 billion in a calendar year and the **Insurer** has met its deductible under the Terrorism Risk Insurance Act, the **Insurer** shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case **Insured** losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

- **Certified Act of Terrorism** means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of the federal Terrorism Risk Insurance Act, to be an act of terrorism pursuant to such Act. The criteria contained in the Terrorism Risk Insurance Act for a **Certified Act of Terrorism** include the following:

  1. The act resulted in **Insured** losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

  2. The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

All other terms and conditions of this policy remain unchanged

NFOBGYN0038

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 20 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### COST OF INVESTIGATIONS COVERAGE

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

It is agreed that:

The following is added to Section B., **DEFINITIONS**:

**Cost of Investigation** means reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in investigating a written demand, by one or more of the securities holders of the **Company** upon the board of directors, the management board of the **Company** or the **Company**, to bring a civil proceeding, including any derivative action, against any of the **Directors and Officers** on behalf of the **Company**.

Section B., **DEFINITIONS**, subsection 1., paragraph b. is deleted in its entirety and is replaced by:

b. a written demand, by one or more of the securities holders of the **Company** upon the board of directors, the management board of the **Company** or the **Company**, to bring a civil proceeding, including any derivative action, against any of the **Directors and Officers** on behalf of the **Company**;

Section B., **DEFINITIONS**, subsection 3., paragraph b. is deleted in its entirety and is replaced by:

b. **Cost of Investigation**.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 21 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**DELETE PARAGRAPH III. FROM EXCLUSION N.**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

It is agreed that Section C., **EXCLUSIONS**, subsection 1., paragraph n. iii. is deleted in its entirety.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0040

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 22 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EMPLOYED LAWYERS EXTENSION

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

The following is added to Section B.4.:

**Employed Lawyers** of the **Company**

The following definition is added to Section **B.**:

**Employed Lawyers** means:

employees of the **Company** who:

1. are admitted to practice law in one or more jurisdictions in the United States of America; and

2. are employed within the **Company's** office of the general counsel or its functional equivalent; and

3. acting solely in the capacity of providing professional legal services to the **Company**.

An individual shall not be deemed to be an **Employed Lawyer** to the extent such individual renders or rendered professional legal services to persons or entities other than the **Insureds**.

NFOBGYN0041

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 23 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCESS BENEFIT TRANSACTION EXCISE TAX COVERAGE ENDORSEMENT

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

The following is added to Section B., **DEFINITIONS**:

**Excess Benefit Transaction Excise Tax** means any excise tax imposed by the Internal Revenue Service on an **Insured Person** who is an **Organization Manager** as a result of such **Insured Persons** participation in an **Excess Benefit Transaction**;

**Organization Manager** means "organization manager" as that term is defined in Section 4958 of the Internal Revenue Code of 1986, as amended;

**Excess Benefit Transaction** means an "excess benefit transaction" as that term is defined in Section 4958; and

**Disqualified Person** means a "disqualified person" as that term is defined in Section 4958.

Section B., **DEFINITIONS**, subsection 7., paragraph a. is replaced by the following:

a. taxes, fines or penalties other than **Excess Benefit Transaction Excise Tax**; provided, however, coverage for such **Excess Benefit Transaction Excise Tax** shall not include:

    i. any Excess Benefit Transaction Excise Tax exceeding $10,000;

    ii. any Excess Benefit Transaction Excise Tax expressly prohibited in the bylaws, certificate of incorporation or other organizational documents of the **Insured Organization**;

    iii. any excise tax imposed by the Internal Revenue Service on any **Disqualified Person** for any **Excess Benefit Transaction**.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 24 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXTRADITION COVERAGE ENDORSEMENT

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

The following is added to Section B., **DEFINITIONS**, subsection 1.:

**Claim** means:

  ◦ an official request for **Extradition** of any of the **Directors and Officers**; or the execution of a warrant for the arrest of any of the **Directors and Officers** where such execution is an element of **Extradition**.

The following is added to Section B., **DEFINITIONS**, subsection 3.:

**Costs, Charges and Expenses** means:

  ◦ reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** resulting from any of the **Directors and Officers** lawfully:

    i. opposing, challenging, resisting or defending against any request for or any effort to obtain the **Extradition** of any of such **Directors and Officers**; or

    ii. appealing any order or other grant of **Extradition** of any of such **Directors and Officers**.

The following is added to Section B., **DEFINITIONS**:

**Extradition** means any formal process by which any of the **Directors and Officers** located in any country is surrendered to any other country for trial or otherwise to answer any criminal accusation.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | | | ENDORSEMENT NO. 25 | |
|---|---|---|---|---|
| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | | AGENT NO. |
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### FOREIGN CORRUPT PRACTICES ACT CIVIL PENALTIES COVERAGE

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

It is agreed that Section B., **DEFINITIONS**, subsection 7.a., is deleted in its entirety, and replaced with the following:

    a. taxes, fines or penalties, except civil penalties assessed against **Directors and Officers** pursuant to Section 2(g)(2)(B) of the Foreign Corrupt Practices Act;

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 26 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### HEALTHCARE ORGANIZATION ENDORSEMENT WITH REGULATORY SUBLIMIT

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

It is agreed that the Directors and Officers and Company Coverage Section is amended as follows:

Section B., **DEFINITIONS**, subsection 4. is amended to include the following:

- a member of any duly constituted committee of the **Company**;

- any natural person engaged by a duly constituted committee of the **Company** for purposes of providing an expert opinion with regard to a peer review or credentialing decision concerning an individual physician; and

- any individual manager of any operational department or any staff physician or faculty member of the **Company**

regardless of whether any such person is directly employed by the **Company** or is considered an independent contractor of the **Company**.

Section B., **DEFINITIONS**, subsection 7., paragraph a. is replaced by:

a. taxes, fines or penalties, other than any **HIPAA Expenses** or **EMTALA Expenses**;

Section B., **DEFINITIONS**, is amended to include the following:

- **Regulatory Agency** means any federal, state or municipal agency, or other governmental or quasi-governmental authority, or the office of any state or federal Attorney General, including, but not limited to the U.S. Department of Justice or any other governmental department; provided, however, **Regulatory Agency** shall not include the U.S. Securities and Exchange Commission or any similar state or local agency or division.

- **HIPAA Expenses** means civil fines or penalties assessed against an **Insured** alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any violation of the Health Insurance Portability and Accountability Act (Public Law 104-191), including any

**NFOBGYN0045**

amendments to or regulations promulgated under any such law.

◦ **EMTALA Expenses** means civil fines or penalties assessed against an **Insured** alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C., 1396dd, et seq., or any similar state or local statute, including any amendments to or regulations promulgated under any such law.

Section C., **EXCLUSIONS**, is amended to include the following:

◦ brought or maintained by, on behalf of, in the right of, or at the direction of any **Regulatory Agency**, whether in the right of such **Regulatory Agency** on behalf of an individual or entity, or by an individual or entity on behalf of such **Regulatory Agency**, including any qui tam action provided, however, this exclusion shall not apply to **Costs, Charges and Expenses** subject to the **Regulatory Agency Claims** sublimit set forth below.

Section D., **LIMIT OF LIABILITY AND RETENTIONS**, subsection 2., is amended to include the following:

◦ The amount set forth in Item 3.1.a. relating to this Coverage Section shall be amended to include the below listed sub-limit amounts. Such sub-limit amounts shall be a part of and not in addition to the limit of liability set forth in Item 3.1.a. of the Declarations.

| | |
|---|---|
| $100,000 | sub-limit aggregate for all **Costs, Charges and Expenses** from all **Regulatory Agency Claims** |
| $100,000 | sub-limit aggregate for all **HIPAA Expenses** |
| $250,000 | sub-limit aggregate for all **EMTALA Expenses** |

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0046

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 27 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### IRS FINES AND PENALTIES-COSTS, CHARGES AND EXPENSES ONLY

This endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

The Directors and Officers and Company Coverage Section shall provide coverage for **Costs, Charges and Expenses** incurred in connection with a **Claim** seeking an assessment of taxes, initial taxes, additional taxes, tax deficiencies, excise taxes or penalties pursuant to the following sections of the Internal Revenue Code of 1986, as amended:

Section 4911 (tax on excess expenditures to influence legislation);

Section 4941 (a) and (b) (taxes on self-dealing);

Section 4942 (a) and (b) (taxes on failure to distribute income);

Section 4943 (a) and (b) (taxes on excess business holding);

Section 4944 (a) and (b) (taxes on investments which jeopardize charitable purpose);

Section 4945 (a) and (b) (taxes on taxable expenditures);

Section 6652 (c)(1 )(A) (penalties for failure to file certain information returns or registration statements);

Section 6655 (a)(1) (penalties for failure to pay estimated income tax);

Section 6656 (penalties for failure to make deposit of taxes).

Solely as to coverage provided pursuant to this Endorsement, Section B.7.a. of the Directors and Officers and Company Coverage Section shall not apply to taxes, fines or penalties incurred under the above referenced Internal Revenue Code sections.

Nothing in this Endorsement shall be construed to provide coverage under this coverage section for **Loss**, other than **Costs, Charges and Expenses**, or for actual taxes, fines or penalties, incurred in connection with any **Claim** covered under this Endorsement.

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0047

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 28 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### MEDICAL SERVICES EXCLUSION

In consideration of the premium paid, it is agreed this endorsement modifies insurance provided under the following:

### DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION

1. Section C., **EXCLUSIONS**, subsection 1. is amended to include the following:

   - alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged rendering or failing to render **Medical Services**; provided, however, this exclusion shall not apply to any **Claim(s)** brought by a securities holder of the **Company** solely in their capacity as such.

2. Section B., **DEFINITIONS**, is amended to include the following:

   - **Medical Services** means any medical or dental services or advice actually or allegedly provided to others, including, but not limited to:

     a. providing medical, surgical, dental, psychiatric or nursing treatment, care, diagnosis or services, including the furnishing of food or beverage in connection therewith;

     b. providing routine and/or esoteric testing services used in the diagnosis, monitoring, and/or treatment of disease or any other medical condition;

     c. furnishing or dispensing drugs or medical, dental or surgical supplies or appliances;

     d. handling or conducting postmortem examinations on humans;

     e. providing veterinary services; or

     f. the submission to any entity or insurance company, other than any federal, state or municipal agency, or other governmental or quasi-governmental authority, for the payment or reimbursement of any of the foregoing medical or dental services or advice.

Case 3:20-cv-00479-TJC-JRK   Document 147-1   Filed 07/08/21   Page 50 of 61 PageID 1479

All other terms and conditions of this **Policy** remain unchanged.

NFOBGYN0049

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 29 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### REMOVAL OF ALTERNATIVE DISPUTE RESOLUTION PROVISION

This endorsement modifies insurance provided under the following:

### GENERAL TERMS AND CONDITIONS

Section **J. ALTERNATIVE DISPUTE RESOLUTION** is deleted in its entirety.

**All other terms and conditions of this Policy remain unchanged.**

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 30 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**RUN-OFF ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION
GENERAL TERMS AND CONDITIONS**

I. The following applies to the **DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**:

The following is added to Section **C. EXCLUSIONS**, subsection **1.** Exclusions Applicable to All Insuring Clauses:

**Insurer** shall not be liable for **Loss** under this Coverage Section on account of any **Claim**:

alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving any **Wrongful Act**, including any **Interrelated Wrongful Acts**, taking place in whole or in part subsequent to 5/6/2019.

II. The following are applicable to the **GENERAL TERMS AND CONDITIONS** form:

Pursuant to Section **I. RUN-OFF COVERAGE**, the **Parent Company** has elected the Run-Off Period designated in **Item 6.5.** of the Declarations.

Under Section **E. CANCELLATION**, subsections **1.** and **3.** are deleted in there entirety.

Section **H. DISCOVERY PERIOD** is deleted in its entirety, and any reference to the **Discovery Period** wherever it may be found in this form.

III. Any references to the **Discovery Period** are inapplicable wherever this term may be found in this **Policy** or the Declarations pertaining to the **Directors And Officers And Company Coverage Section**.

**All other terms and conditions of this Policy remain unchanged.**

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 31 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SCIENTIFIC AND ADVISORY BOARD EXTENSION**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

The following is added to Section **B. DEFINITIONS**, subsection **4.**:

**Directors and/or Officers** means any person who was, now is, or shall become:

a natural person member of the Scientific or Advisory Board of the **Company** (collectively "**Advisory Board Members**") that is indemnified by the **Company** pursuant to a written indemnification agreement. The **Company** agrees to indemnify the **Advisory Board Members** to the fullest extent permitted by law, taking all steps necessary or advisable in furtherance thereof, including the making in good faith of any application for court approval, the passing of any resolution by the board of directors or shareholders of the **Company**, the amendment of any charter, bylaws, operating agreement or similar documents of the **Company** or the execution of any contract. The **Company** further agrees to advance **Costs, Charges and Expenses** actually and reasonably incurred by any **Advisory Board Member** in defending any threatened, pending or contemplated action, suit or proceeding prior to a final disposition of any such action, suit or proceeding and shall not require any determination or adjudication, interim or final, of the entitlement of the **Advisory Board Member** to indemnification, where permitted by law to do so. The financial ability of any **Advisory Board Member** to make repayment shall not be a prerequisite to the making of such an advance, and the right to receive advancement of **Costs, Charges and Expenses** herein is a contractual right. The agreements contained in this paragraph are binding upon the **Company** and enforceable by the **Insurer** or the **Advisory Board Member**.

**All other terms and conditions of this Policy remain unchanged.**

| Underwritten by Scottsdale Indemnity Company | ENDORSEMENT NO. 32 |
|---|---|

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**TOLLING OR WAIVING THE STATUTE OF LIMITATIONS**

This endorsement modifies insurance provided under the following:

**DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION**

The following is added to Section B., **DEFINITIONS**, subsection 1.:

**Claim** means:

a written request received by the **Company** to toll or waive the statute of limitations regarding a potential **Claim**. Such **Claim** shall be commenced by the receipt of such request.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | | | ENDORSEMENT NO. 33 |
|---|---|---|---|
| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### AMENDATORY ENDORSEMENT - FLORIDA

This endorsement modifies insurance provided under the following:

**GENERAL TERMS AND CONDITIONS
EMPLOYMENT PRACTICES COVERAGE SECTION
DIRECTORS AND OFFICERS AND COMPANY COVERAGE SECTION
FIDUCIARY COVERAGE SECTION**

I.  The following applies to the General Terms and Conditions form:

The following is added to Section E., **CANCELLATION**, paragraph 3.:

Any premium refundable to the **Parent Company** shall be remitted to the **Parent Company** within fifteen (15) working days of the effective date of cancellation.

Section D., **WARRANTY**, is replaced by:

D.  **REPRESENTATIONS**

The particulars and statements represented in the **Application** are the basis of this **Policy** and are to be considered as incorporated into and constituting a part of this **Policy** and each Coverage Section.

By acceptance of this **Policy**, the **Insureds** agree that:

1.  the statements in the **Application** are their representations, that such representations shall be deemed material to the acceptance of the risk or the hazard assumed by **Insurer** under this **Policy**, and that this **Policy** and each Coverage Section are issued in reliance upon the truth of such representations; and

2.  in the event the **Application**, including materials submitted or required to be submitted therewith, contains any misrepresentation or omission made with the intent to deceive, or contains any misrepresentation or omission which materially affects either the acceptance of the risk or the hazard assumed by **Insurer** under this **Policy**, this **Policy**, including each and all Coverage Sections, may be void ab initio with respect to any **Insureds** who had knowledge of such misrepresentation or omission.

The following conditions are added:

**NON-RENEWAL**

1. If the **Insurer** decides not to renew this **Policy**, the **Insurer** will mail or deliver to the **Parent Company** written notice of non-renewal, accompanied by the reason for non-renewal, at least forty-five (45) days prior to the expiration of this **Policy**.

2. Any notice of non-renewal will be mailed or delivered to the **Parent Company's** last mailing address known to the **Insurer**. If notice is mailed, proof of mailing will be sufficient proof of notice.

**LOSS PAYMENT**

When the **Parent Company** and **Insurer** agree to settlement of any **Claim**, the **Insurer** shall tender payment according to the terms of the agreement no later than twenty (20) days after such settlement is reached.

**DECLARATIONS AMENDMENT**

The Declarations of this **Policy** is amended by the addition of the following:

_____     _____

Agent's Signature                                                          Date

II.  If the Employment Practices Coverage Section is included in this **Policy**, the following apply:

Under Section B., **DEFINITIONS**, paragraph 10.c. is replaced by:

c.  punitive or exemplary damages, except to the extent that such punitive damages are imposed on an **Insured** solely due to the insured's vicarious liability;

Under Section C., **EXCLUSIONS**, paragraph 3. is replaced by:

3.  alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

a.  the actual, alleged or threatened discharge, dispersal, release, escape, seepage, migration or disposal of **Pollutants**; or

b.  any direction or request that any **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so; including without limitation any such **Claim** by or on behalf of the **Company**, its securities holders or creditors based upon, arising out of, or attributable to the matters described in this exclusion. Provided, however, this exclusion shall not apply to that part of any **Claim** under this Coverage Section where such **Claim** is for **Retaliation**.

For purposes of this exclusion, **Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

III.  If the Directors and Officers and Company Coverage Section is included in this **Policy**, the following apply:

Under Section B., **DEFINITIONS**, paragraph 7.c. is replaced by:

    c.  punitive or exemplary damages, except to the extent that such punitive damages are imposed on an **Insured** solely due to the insured's vicarious liability;

Under Section C., **EXCLUSIONS**, paragraph 1.c. is replaced by:

    c.  alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i.  the actual, alleged or threatened discharge, dispersal, release, escape, seepage, migration or disposal of **Pollutants**; or

        ii.  any direction or request that any **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so; including without limitation any such **Claim** by or on behalf of the **Company**, its securities holders or creditors based upon, arising out of, or attributable to the matters described in this exclusion. Provided, however, this exclusion shall not apply to that part of any **Claim** under this Coverage Section where such **Claim** is for **Retaliation**.

    For purposes of this exclusion, **Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

IV.  If the Fiduciary Coverage Section is included in this **Policy**, the following apply:

Under Section B., **DEFINITIONS**, paragraph 10.c. is replaced by:

    c.  punitive or exemplary damages, except to the extent that such punitive damages are imposed on an **Insured** solely due to the insured's vicarious liability;

Under Section C., **EXCLUSIONS**, paragraph 2.c. is replaced by:

    c.  for or which seeks or constitutes the multiple portion of any multiplied damage award;

Under Section C., **EXCLUSIONS**, paragraph 1.c. is replaced by:

    c.  alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

        i.  the actual, alleged or threatened discharge, dispersal, release, escape, seepage, migration or disposal of **Pollutants**; or

        ii.  any direction or request that any **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so; including without limitation any such **Claim** by or on behalf of the **Company**, its securities holders or creditors based upon, arising out of, or attributable to the matters described in this exclusion. Provided, however, this exclusion shall not apply to that part of any **Claim** under this Coverage Section where such **Claim** is for **Retaliation**.

    For purposes of this exclusion, **Pollutants** mean any solid, liquid, gaseous or thermal irritant or

NFOBGYN0056

contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

All other terms and conditions of this **Policy** remain unchanged.

| Underwritten by Scottsdale Indemnity Company | | ENDORSEMENT NO. 34 |
|---|---|---|
| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| EKI3295685 | 5/6/2019 | North Florida Obstetrical & Gynecological Associates P.A. | 29406 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**FLORIDA POLICYHOLDER NOTICE**

**COMPANY TELEPHONE NUMBER**

The phone number shown on the policy provides a means of direct contact with the Company.

NFOBGYN0058

## Underwritten by Scottsdale Indemnity Company

**POLICYHOLDER DISCLOSURE**

**NOTICE OF TERRORISM INSURANCE COVERAGE - FLORIDA**

**TERRORISM RISK INSURANCE ACT**

Under the Terrorism Risk Insurance Act of 2002, as amended pursuant to the Terrorism Risk Insurance Program Reauthorization Act of 2015, effective January 1, 2015 (the "Act"), you have a right to purchase insurance coverage for losses arising out of acts of terrorism, as defined in Section 102(1) of the Act: The term "certified acts of terrorism" means any act that is certified by the Secretary of the Treasury - in consultation with the Secretary of Homeland Security, and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States mission; to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

You should know that where coverage is provided by this policy for losses resulting from "certified acts of terrorism," such losses may be partially reimbursed by the United States Government under a formula established by federal law. However, your policy may contain other exclusions which might affect your coverage, such as an exclusion for nuclear events. Under the formula, the United States Government generally reimburses eighty-five percent (85%) of covered terrorism losses in calendar year 2015 that exceed the statutorily established deductible paid by the insurance company providing the coverage. This percentage of United States Government reimbursement decreases by one percent (1%) every calendar year beginning in 2016 until it equals eighty percent (80%) in 2020. The premium charged for this coverage is provided below and does not include any charges for the portion of loss that may be covered by the Federal Government under the Act.

You should also know that the Act, as amended, contains a $100 Billion Cap that limits United States Government reimbursement as well as insurers' Liability for losses resulting from "certified acts of terrorism" when the amount of such losses in any one calendar year exceeds $100 billion. If the aggregate insured losses for all insurers exceed $100 billion, your coverage may be reduced.

**CONDITIONAL TERRORISM COVERAGE**

The federal Terrorism Risk Insurance Program Reauthorization Act of 2015 is scheduled to terminate at the end of December 31, 2020, unless renewed, extended or otherwise continued by the federal government. Should you select Terrorism Coverage provided under the Act and the Act is terminated December 31, 2020, any terrorism coverage as defined by the Act provided in the policy will also terminate.

**IN ACCORDANCE WITH THE ACT, YOU MUST CHOOSE TO SELECT OR REJECT COVERAGE FOR "CERTIFIED ACTS OF TERRORISM" BELOW:**

| | |
|---|---|
| X | I hereby elect to purchase certified terrorism coverage for a premium of $219.00. I understand that the federal Terrorism Risk Insurance Program Reauthorization Act of 2015 may terminate on December 31, 2020. Should that occur my coverage for terrorism as defined by the Act will also terminate. |
| | I hereby reject the purchase of certified terrorism coverage. |

_____          North Florida Obstetrical & Gynecological Associates P.A.
Policyholder / Applicant's Signature*                    Named Insured / Firm


_____                          EKI3295685
Print Name*                                       Policy Number, if available


_____
Date*


*If rejected, signature required & completed form must be faxed to E-Risk Services @ (973) 252-5146. Please contact your broker with any questions.